**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SONIA DOTSON,**

               **Plaintiff,**

    **vs.**                                         **5:11-CV-620**
                                                    **(NAM/ATB)**

**CITY OF SYRACUSE; GARY MIGUEL, in his individual capacity as former Chief of Police of the City of Syracuse; MICHAEL HEENAN, in his individual capacity as former First Deputy Chief of Police of the City of Syracuse; DAVID BARRETTE, in his individual and official capacity as First Deputy Chief of Police of the City of Syracuse; JUDY CULETON, in her individual and official capacity as the Commanding Officer of the Human Resources Division of the City of Syracuse Police Department; JOSEPH SWEENY, in his individual and official capacity as a Captain with the City of Syracuse Police Department; NICHOLAS KLEIST, JR., in his individual and official capacity as a Lieutenant with the City of Syracuse Police Department; RICHARD TRUDELL, in his individual and official capacity as a Captain with the City of Syracuse Police Department; and JOHN DOE(S) and/or JANE DOE(S), in their individual and official capacities,**

               **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

Bosman Law Firm, L.L.C.                       A.J. Bosman, Esq.
6599 Martin Street
Rome, New York 13440
*For Plaintiff*

Mary Anne Doherty, Esq.                       Shannon T. O'Connor, Esq.
Corporation Counsel of the City of Syracuse      Assistant Corporation Counsel
300 City Hall
Syracuse, New York 13202
*For Defendants*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

### INTRODUCTION

Defendants move (Dkt. No. 39) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike allegations in plaintiff's second amended complaint (Dkt. No. 39). Plaintiff opposes defendants' motion. (Dkt. No. 42).

### BACKGROUND

In a Memorandum-Decision and Order entered on March 27, 2013 (Dkt. No. 36), the Court granted defendants' motion to give preclusive effect to the issues of the initiation of the criminal prosecution against plaintiff and pornography, which were litigated in *Dotson v. City of Syracuse; The City of Syracuse Police Department; Former Chief of Police Dennis Duval; Sgt. Timothy Gay; Mark McCardle; Patrick Harrington; Michael Rathbun*, 5:04-CV- 1388 (NAM/ATB) ("Dotson I"). Plaintiff's second amended complaint, however, refers to pornography in the workplace five times. *See* Dkt. No. 39, ¶¶ 28(a), 31, 33, 51 and 63.

### DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure states, in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Second Circuit has cautioned that a motion to strike should not be granted "unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). A court must deny any motion made pursuant to Rule 12(f) on the ground that the matter in the Complaint is impertinent and immaterial "unless it can be shown that no evidence in support of the allegation would be admissible." *Id*. (citations omitted). To prevail on a motion to strike, a defendant must show, among other things, that allowing the challenged allegations to stand would result in prejudice to the defendant. *Roe v. City of New*

2

*York*, 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001). Thus, "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky*, 551 F.2d at 893.

The Court grants defendants' motion to strike all references to pornography from the second amended complaint. The Court previously granted defendants' motion to preclude plaintiff from raising the issue of pornography in the workplace. Dkt. No. 36, p.16. No evidence in support of the allegation of pornography in the workplace will be admissible in this case.[1] Allowing any allegation regarding pornography in the workplace to stand would greatly prejudice defendants, who litigated this issue exhaustively in Dotson I.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that defendants' motion to strike (Dkt. No. 40) is **GRANTED** and the references to pornography, in paragraphs 28(a), 31, 33, 51 and 63 are stricken from the second amended complaint. A third amended complaint need not be filed; and it is further

**ORDERED** that this matter is returned to United States Magistrate Judge Andrew T. Baxter for all further pretrial matters.

**IT IS SO ORDERED.**

Date: February 7, 2014

Norman A. Mordue
Senior U.S. District Judge

---

[1] Although plaintiff asserts in her motion papers that "there continue to be pornographic images displayed in view of female employees in the Syracuse Police Department", this assertion is unsupported and no allegations of new instances of pornography in the workplace are contained in any pleading.

3