UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**SONIA DOTSON,**

                  **Plaintiff,**

    v.                                              5:11-CV-620 (BKS/ATB)

**CITY OF SYRACUSE, et al.,**

                  **Defendants.**
_____

**Appearances:**

A.J. Bosman
Bosman Law Firm, L.L.C.
3000 McConnellsville Road
Blossvale, New York 13308
*For the Plaintiff*

Lindsey H. Hazelton
John T. McCann
Emily A. Middlebrook
Hancock, Estabrook Law Firm
100 Madison Street, Suite 1500
Syracuse, NY 13202
*For the Defendants*

**Hon. Brenda K. Sannes, United States District Court Judge:**

**ORDER**

      Now before the Court are letter briefs from the parties regarding the remaining claims in this case and the liability of the individual Defendants. (Dkt. No. 173; Dkt. No. 176, p. 10). Defendants now take the position that Plaintiff's only claim is for gender discrimination against the City of Syracuse pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Defendants first raised this argument at the final pretrial conference on November 25, 2019. Defendants contend that all claims against the individual Defendants under 42 U.S.C. § 1983

1

and New York State Human Rights Law ("NYSHRL") were dismissed by the Court's decision on September 29, 2015, and that subsequent appellate decisions did not affect this outcome. (Dkt. No. 173). Plaintiff disagrees. (Dkt. No. 176, p. 10).

Plaintiff originally alleged gender discrimination in violation of Title VII, Section 1983, the Fourteenth Amendment, NYSHRL, and the New York State Constitution, against the City of Syracuse and individual Defendants employed at the Syracuse Police Department ("SPD"). (Dkt. Nos. 1, 39). On September 29, 2015, the Court (Mordue, S.J.) granted Defendants' motion for summary judgment on all of Plaintiff's claims. (Dkt. No. 99). On April 24, 2017, the Second Circuit partially vacated the decision, finding that for Plaintiff's gender discrimination claim based on her suspension in 2008, the Court "failed to consider Dotson's evidence as a whole when evaluating pretext, thus necessitating vacatur and remand for further consideration." *Dotson v. City of Syracuse*, 688 F. App'x 69, 72 (2d Cir. 2017). On March 6, 2018, the Court (Mordue, S.J.) again granted summary judgment. (Dkt. No. 122). On February 27, 2019, the Second Circuit reversed and remanded for trial. In short, the Second Circuit concluded that "Defendants' sexist comments and behavior, when viewed alongside Dotson's other evidence of discrimination, create a triable issue of fact as to whether Dotson's suspension was motivated in part by sex discrimination." *Dotson v. City of Syracuse*, 763 F. App'x 39, 45 (2d Cir. 2019).

Trial is scheduled to begin on December 11, 2019. (Dkt. No. 174). The question is which claims and Defendants are still at issue. Until the final pretrial conference, the parties had appeared to agree that Plaintiff's remaining claims are for gender discrimination against: 1) the City of Syracuse pursuant to Title VII; 2) the individual Defendants pursuant to Section 1983; and 3) the City of Syracuse and the individual Defendants pursuant to NYSHRL.[1] Indeed, the

---

[1] At the final pretrial conference, the Court dismissed Plaintiff's claim pursuant to the New York State Constitution, based upon the stipulation of the parties.

Court met with counsel for the parties on April 30, 2019 to discuss the remaining claims and Defendants, permitted related briefing, and dismissed one of the individual Defendants on May 24, 2019.[2] (Dkt. Nos. 134, 137). The Court also permitted briefing on another argument made by Defendants. (Dkt. Nos. 138–139). And the Court has received numerous motions in limine. (Dkt. Nos. 145–146). At no point during this period did the Defendants raise their current argument, until the final pre-trial conference. Accordingly, to the extent Defendants request relief based on their argument that all claims against the individual Defendants were dismissed, the request is untimely.

The argument is also without merit. In essence, Defendants contend that the Second Circuit's decisions did not disturb the Court's dismissal of Plaintiff's Section 1983 and NYSHRL claims against the individual Defendants because the Second Circuit did not explicitly address them. (Dkt. No. 173). In particular, Defendants point out that the Second Circuit only analyzed Plaintiff's gender discrimination claim pursuant to the standard for Title VII claims—that is the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Defendants emphasize that this Title VII analysis employs "motivating factor" causation (i.e. gender must have been a motivating factor for the adverse action), as opposed to the "but-for" causation required for Section 1983 claims.

However, the Second Circuit stated that Plaintiff appealed from the district court's grant of summary judgement to the City of Syracuse "and members of its police department" on her "claim of sex discrimination under Title VII . . . and *related provisions of state and federal law*." *Dotson*, 763 F. App'x at 40 (emphasis added). Thus, the decision can be read to account for

---

[2] On April 4, 2019, the case was reassigned to the undersigned. (Dkt. No. 130).

Plaintiff's gender discrimination claim under Title VII, as well as Section 1983 and NYSHRL. Moreover, at the time of the Second Circuit's decision on February 27, 2019, courts generally used the same Title VII analysis for claims under Section 1983 and NYSHRL. *See Garcia v. Hartford Police Dept.*, 706 F.3d 120, 129 (2d Cir. 2013) (Section 1983); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (NYSHRL). Only later, on August 12, 2019, did the Second Circuit make clear that "a plaintiff pursuing a claim for employment discrimination under § 1983 rather than Title VII must establish that the defendant's discriminatory intent was a 'but-for' cause of the adverse employment action or the hostile environment. It is insufficient to establish simply that invidious discrimination was 'a motivating factor' of the offending conduct." *Naumovski v. Norris*, 934 F.3d 200, 214 (2d Cir. 2019).

Therefore, under the circumstances, the Second Circuit's analysis as to Plaintiff's claim under Title VII applied equally to her claims under Section 1983 and NYSHRL. In other words, there is a triable issue of fact as to what motivated Plaintiff's suspension, and the Second Circuit did not foreclose the possibility that gender was the but-for cause. As Plaintiff points out, while the Second Circuit found enough evidence for her claim to reach a jury using the motivating factor standard, the same evidence could also satisfy the but-for standard. (Dkt. No. 176, p. 10). In sum, the Second Circuit's reversal applied to Plaintiff's gender discrimination claims under Title VII, Section 1983, and NYSHRL. Trial will proceed as set forth above.

**IT IS SO ORDERED.**

December 6, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge